**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 11-00124-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **COREY L. MOSES** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

On April 18, 2017, Defendant Corey L. Moses ("Moses") submitted a handwritten motion to the Clerk of Court, which was received on April 21, 2017. [Doc. No. 153]. Moses moved the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 798 to the United States Sentencing Guidelines.

Under Amendment 798, the definition of "crime of violence" contained in United States Sentencing Guidelines § 4B1.2 was amended. The residual clause previously found in § 4B1.2(a)(2) was stricken and the list of enumerated crimes was revised, along with clarifying commentary. Moses contends that his prior burglary conviction would not constitute a crime of violence under the amended definition, and, therefore, his sentence should be reduced.

However, the United States Sentencing Commission did not make Amendment 798 retroactive, so as to permit the Court to re-sentence Moses under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B.10(d); *see also United States v. Strevig*, 663 Fed. App'x 908, 2016 WL 6406597 (11th Cir. Oct. 31, 2016).

Further, the Supreme Court recently held that "the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, [and, thus,] § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 897 (2017); *cf. Johnson v. United States*,

135 S. Ct. 2551 (2015) (holding that identically worded residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague).

For these reasons,

IT IS HEREBY ORDERED that Moses' motion for reduction [Doc. No. 153] is DENIED.

MONROE, LOUISIANA, this 24th day of April, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE